Cohen Seglias Pallas Greenhall & Furman PC
Chris Georgoulis, Esq.
Attorneys for Debtor-Plaintiff
120 Wall Street, Suite 1803
New York, New York 10005
Tel. (212) 425-7854

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In Re:                                                                              Chapter 11

     261 EAST 78 REALTY CORP.,                          Case No. 11-15624 (REG)

     Debtor.

------------------------------------------------------------------------x

In Re:

261 EAST 78 REALTY CORP.,

                                         ADVERSARY NO: 13-01000

     Debtor-Plaintiff,

   - against -                                                      **AMENDED COMPLAINT**

MB FINANCIAL BANK, N.A.,

     Defendant,

------------------------------------------------------------------------x

     Debtor-Plaintiff 261 East 78 Realty Corp. ("Debtor-Plaintiff"), by its attorneys, Cohen

Seglias Pallas Greenhall & Furman PC, as and for its amended complaint, alleges as follows:

     1.     The Debtor-Plaintiff commenced this action by the filing of a voluntary petition

under Chapter 11 of the Bankruptcy Code on December 6, 2011 with the United States

Bankruptcy Court for the Southern District of New York and an Order for relief was

simultaneously entered.

1

2.      The Debtor-Plaintiff owns real property located at 261 East 78th Street, New York, New York 10075 ("the premises").  The premises consist of seven (7) commercial units, three of which are currently occupied.

3.      The Debtor-Plaintiff has been authorized to operate its business and continue in possession of its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

4.      Defendant MB Financial Bank, N.A. ("MB Financial") is a banking corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Rosemont, Illinois.  Upon information and belief, MB Financial is the successor in interest to Broadway Bank.

## JURISDICTION

5.      This adversary proceeding arises in and relates to the voluntary petition for relief under chapter 11, title 11, of the United States Code ("the Bankruptcy Code") filed by Debtor on December 6, 2011.

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## AS AND FOR A FIRST CAUSE ACTION

9.      Debtor-Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if set forth herein.

10.     Debtor-Plaintiff entered into loan and mortgage agreements with Broadway Bank which provided, inter alia, that Broadway Bank would fund the construction of the property known as 261 East 78th Street, New York, New York ("the Property"), and that Broadway Bank would extend the date on which repayment of the loans would become due if the construction was proceeding and/or the Property generated a specified income.

11.     Upon information and belief, as successor in interest to Broadway Bank, MB Financial succeeded to the rights, obligations and interests of Broadway Bank under the aforementioned loan and mortgage agreements.

12.     MB Financial breached the aforementioned loan and mortgage agreements.

13.     Pursuant to section 8(v) of the Loan Renewal Agreement dated September 17, 2009 between debtor-plaintiff and Broadway Bank, debtor-plaintiff may elect to extend its loan and mortgage agreements with MB Financial if certain rental income levels are achieved for the Property.

14.     MB Financial breached section 8(v) of the Loan Renewal Agreement dated September 17, 2009 by refusing to extend the loan and mortgage agreements and taking steps to frustrate debtor-plaintiff's ability to do so by failing and refusing to fund the completion of the construction of the Property in a timely manner.

15.     MB Financial breached section 8(v) of the Loan Renewal Agreement dated September 17, 2009 and other obligations by interfering with the construction and occupancy of the Property, which included failing to approve prospective leases for various spaces in the Property in a timely manner and failing or refusing to approve the funding for the completion of the construction for the spaces covered by the aforementioned prospective leases.

16.    Section 4 of the Loan Renewal Agreement dated September 17, 2009 sets forth the interest rate to which MB Financial was entitled to under said agreement.

17.    Sections 5, 9 and 10 of the Loan Renewal Agreement dated September 17, 2009 state the method by which MB Financial may obtain payment of interest under said agreement.

18.    MB Financial breached by failing to apply interest reserves to interest charges in a timely manner and using this failure to wrongfully claim that debtor-plaintiff was in default of the Loan Renewal Agreement dated September 17, 2009 and to improperly start charging debtor-plaintiff a higher default interest rate.

19.    MB Financial breached Article I(1) of the Consolidated, Amended and Restated Building Loan Agreement dated September 17, 2009 by failing to make loan disbursements to pay for the construction of the Property.

20.    After April 23, 2010, debtor-plaintiff entered into agreements with MB Financial regarding the Property and the aforementioned loan and mortgage agreements such as the Loan Proceeds Disbursement Agreement which provided that MB Financial would continue the funding of the construction of the Property.

21.    The Loan Proceeds Disbursement Agreement provides, at sections 1, 2 and 3, that MB Financial would fund the tenant improvement work on the Property by placing $494,376.92 into a segregated account and using this segregated account to promptly pay debtor-plaintiff's contractor Central Consulting & Contracting, Inc. ("Central Consulting") for work performed, even if the work was performed after June 30, 2010.

22.    Central Consulting performed tenant improvement covered by the Loan Proceeds Disbursement Agreement that was reviewed and approved by MB Financial and/or MB Financial's agents.

4

23.    MB Financial had funds in the aforementioned segregated account at least equal to the amount of the work performed by Central Consulting covered by the Loan Proceeds Disbursement Agreement that was reviewed and approved for payment by MB Financial and/or MB Financial's agents.

24.    MB Financial breached the Loan Proceeds Disbursement Agreement by failing and refusing to pay Central Consulting in a timely manner for tenant improvement work covered by the Loan Proceeds Disbursement Agreement that was reviewed and approved for payment by MB Financial and/or MB Financial's agents.

25.    Debtor-Plaintiff and MB Financial entered into a "So Ordered" Stipulation dated July 28, 2010 wherein MB Financial was obligated to obtain a certificate of occupancy or temporary certificate of occupancy.

26.    MB Financial breached the July 28, 2010 "So Ordered" Stipulation by failing to obtain a certificate of occupancy or temporary certificate of occupancy in a reasonably timely manner.

27.    Debtor-Plaintiff performed all of its duties and obligations under the aforementioned agreements, loans and mortgages, except as excused or frustrated by MB Financial.

28.    Based on the foregoing, debtor-plaintiff has been damaged, and is exposed to potential liability, in an amount to be determined, but in excess of $2,000,000.00.

29.    MB Financial's conduct led to significant losses with regard to the construction, improvement, safety and leasing of the property.

30.    MB Financial's negligent and/or willful conduct demonstrated its utter lack of good faith with regard to the preservation, protection and improvement of the Property.

31.    Upon information and belief, MB Financial's above-described conduct was designed and intended to ensure that its efforts to appoint a receiver and ultimately take ownership of the Property would be unopposed and successful.

32.    By reason of the foregoing, MB Financial is liable to debtor-plaintiff in an amount to be determined, but in excess of $2,000,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION

33.    Second Cause of Action contained in original complaint paragraphs 30-39 is withdrawn.

### AS AND FOR A THIRD CAUSE OF ACTION

34.    Third Cause of Action contained in original complaint paragraphs 40-44 is withdrawn.

### AS AND FOR A FOURTH CAUSE OF ACTION

35.    Debtor-Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if set forth more fully herein.

36.    MB Financial's conduct with respect to Debtor-Plaintiff has been inequitable.

37.    MB Financial's inequitable conduct has caused damage to Debtor-Plaintiff, its creditors and the estate at large.

38.    MB Financial's inequitable conduct occurred at a time when Debtor-Plaintiff was undercapitalized.

39.    Alternatively, MB Financial's inequitable conduct caused the Debtor-Plaintiff to be undercapitalized

40.    The Debtor-Plaintiff's creditors justifiably relied upon MB Financial's action in good faith in cooperating with the construction and leasing process so that the Debtor-Plaintiff's

creditors' claims could be satisfied in the ordinary course of business and/or in accordance with their contractual relations with the Debtor-Plaintiff.

41.    The Debtor-Plaintiff's creditors should justly be paid ahead of MB Financial.

42.    Debtor-Plaintiff demands judgment equitably subordinating the claims and liens of MB Financial to the claims of all other creditors pursuant to 11 U.S.C. § 510(1) and (2).

## AS AND FOR A FIFTH CAUSE OF ACTION

43.    Debtor-Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if set forth more fully herein.

44.    This Complaint should be treated as an objection to Claim No 11 filed by MB Financial in the amount of $17,674,827.28 on February 2, 2012 or any subsequent claim or amended claim file by MB Financial.

45.    Debtor-Plaintiff demands that MB Financial's claim be reduced by an amount deemed just by the Court or disallowed.

**WHEREFORE**, Debtor-Plaintiff demands judgment as follows:

1) On the first cause of action, judgment against MB Financial in an amount to be determined, but in excess of $2,000,000.00;

2) On the fourth cause of action, judgment against MB Financial equitably subordinating the claims and liens of MB Financial to the claims of all other creditors pursuant to 11 U.S.C. § 510(c)(1) and (2);

3) On the fifth cause of action, judgment against MB Financial reducing or disallowing its claim to the extent deemed just by the Court; and

4) An award of costs, disbursements and attorneys fees incurred in this action and for such other further relief as to this Court seems just and proper.

7

Dated: New York, New York
      May 17, 2013

Chris Georgoulis
Michael McDermott
Cohen Seglias Pallas Greenhall & Furman PC
Attorneys for Debtor-Plaintiff
261 East 78 Realty Corp.
120 Wall Street, Suite 1803
New York, New York 10005
(212) 425-7854

TO:    Budd Larner, P.C.
       Attorneys for Defendant
       140 Broadway, Suite 4621
       New York, New York 10005
       (212) 858-7700

#2122418-v1 52000-0001